**Gary L. QUIGG, Plaintiff–Appellant,**

v.

**David ARMSTRONG; et al., Defendants–Appellees.**

No. 03–35002.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2004.*

Decided July 14, 2004.

Gary L. Quigg, Deer Lodge, MT, pro se.

Stefan T. Wall, Esq., Crowley, Haughey Hanson Toole & Dietrich, Stefan T. Wall,

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Esq., Hughes Kellner Sullivan & Alke, Helena, MT, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Montana state prisoner Gary L. Quigg appeals from the district court's dismissal of his action under 42 U.S.C. § 1983 against employees of Alpha House, a pre-release center where Quigg was confined after he violated his parole. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand.

Quigg first argues that his claims of emotional injury should not have been dismissed, because his case against private prison officials was not subject to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(e). But Quigg's § 1983 lawsuit names the defendants as state actors, and he cannot claim that he is not a "prisoner" subject to the requirements of the Act. *See* 42 U.S.C. § 1997(e)(h) ("prisoner" is "any person incarcerated or detained in any facility [for] violations of parole").

Quigg also argues that the defendants' requirement that he attend Narcotics Anonymous ("NA") meetings violated his right to religious freedom under the First Amendment, citing *Kerr v. Farrey,* 95 F.3d 472, 474 (7th Cir.1996). In *Kerr,* the Seventh Circuit held that state prison officials violated the Establishment Clause by exacting penalties such as confinement in a more secure prison when an inmate refused to attend NA meetings. *See id.* at 479–80 (NA requirement "favor[s] religion

in general over non-religion"). The Second Circuit has held that the state must provide "a reasonable choice of therapy providers" in addition to Alcoholics Anonymous in prison alternative programs. *See Warner v. Orange County Dep't of Prob.,* 115 F.3d 1068, 1075 (2d Cir.1997).

■ Quigg has not sued state officials, however, but the employees of a private program that serves as an alternative to state prison. The private program is free to offer a religion-based treatment program; under the cases Quigg cites, only the state is required to provide nonreligious alternatives. The district court properly granted summary judgment in favor of defendants on this claim.

Quigg next argues that the district court erred when it granted summary judgment to the defendants on Quigg's claim that the policy of prohibiting material depicting nudity violated his First Amendment rights. The court properly determined that the policy met this court's requirement that there be a commonsense and valid connection between the policy and a legitimate government interest. *See Frost v. Symington,* 197 F.3d 348, 354 (9th Cir.1999).

■ Quigg next challenges the district court's entry of judgment for defendants after trial on Quigg's claim that the withdrawal often dollars a day from his prison account, even when he was unemployed and unable to pay, violated due process. The district court does not address the issue in its oral ruling or provide any reasons for its decision. While Montana statutes do authorize a per diem charge for community correctional programs, there is no evidence of what procedural safeguards were in place before the money could be taken out of his account. *See*

*Vance v. Barrett,* 345 F.3d 1083, 1088 n. 6 (9th Cir.2003) (prisoner is entitled to procedural safeguards before per diem charges may be withdrawn). We therefore remand to the district court for a determination whether Alpha House had sufficient protections in place to satisfy due process.

Quigg also challenges the district court's dismissal of his pendent state claims in his original complaint, but he does not properly raise those claims on appeal, providing only a brief description of them with no background or argument. We therefore do not address the state claims.

AFFIRMED IN PART AND REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.